# In the United States Court of Federal Claims

No. 18-507C
(Filed: March 1, 2019)

| | | |
|---|---|---|
| | ) | |
| VIRGINIA ARLENE GOFORTH, | ) | |
| | ) | *Pro Se*; Dismissal for Lack of Subject |
| *Pro Se* Plaintiff, | ) | Matter Jurisdiction; Rule 12(b)(1). |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF DISMISSAL

On April 4, 2018, plaintiff, Ms. Goforth, filed her complaint in this court alleging that the United States Supreme Court "denied and violated her constitutional rights," when the Supreme Court denied her petition for certiorari without providing a reason. Compl. at 1. Ms. Goforth alleges that the United States Supreme Court's decision to deny the writ of certiorari, without providing a reason for the denial, is a violation of the Fourteenth Amendment to the United States Constitution, because "[t]his practice is discriminatory toward the litigants wh[o] receive a denial." Compl. Att. B at 2 (Doc. 1-3 at 2).

Ms. Goforth's complaint arises from litigation she filed in the United States District Court for the Southern District of West Virginia claiming damages under the

7018 0040 0001 1393 1211

Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971) stemming from her time in federal prison. Ms. Goforth contends that the District Court erred in dismissing her case, the United States Court of Appeals for the Fourth Circuit erred in affirming the District Court's dismissal of her case, *see also Goforth v. Lappin*, 643 F. App'x 270 (4th Cir. 2016) (per curiam); and the Supreme Court violated her constitutional rights when on April 3, 2017, the United States Supreme Court denied her writ of certiorari without stating a reason. *See Goforth v. Kane*, 137 S. Ct. 1444 (2017).

The government on June 7, 2018 moved to dismiss Ms. Goforth's complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. (Doc. No. 8). The government argues in support of its motion that the complaint must be dismissed because this court "does not have jurisdiction [to] review the decision[s] of the [United States] Supreme Court, federal appellate courts, or federal district courts." Def.'s Mot. to Dismiss at 4 (citing *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2002); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)). The government further argues that this court also lacks jurisdiction to hear Ms. Goforth's constitutional claims because the Due Process Clause is not money mandating. *Id.* at 5 (citing *LeBanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). The government also argues that to the extent Ms. Goforth alleges a tort claim or *Bivens* claim, this court does not have subject matter jurisdiction. *Id.* (citing *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1363, 1366 (Fed. Cir. 2015) (the Court of Federal Claims does not have jurisdiction over tort claims) and *Brown v. United States*, 105

F.3d 621, 624 (Fed. Cir. 1997) (the Court of Federal Claims does not have jurisdiction over *Bivens* claims)).

The government argues in the alternative that Ms. GoForth's claims are also barred by the doctrine of res judicata. Apparently, Ms. Goforth was also litigating identical claims before the Western District of North Carolina which she lost on August 14, 2015. *See Goforth v. United States*, No. 1:09-0003, 2015 WL 4878381 (S.D. W.Va. Aug. 14, 2015).

Ms. Goforth responds that because her claim is based upon the Constitution, this court has the authority to remand the case back to the Supreme Court. Pl.'s Resp. at 2 (Doc. No. 15). Ms. Goforth explains that she is not asking for review of her original case and argues that because the Supreme Court did not grant certiorari, she is not seeking review of any Supreme Court decision. *Id.* at 3.

The court agrees with the government that Ms. Goforth's case must be dismissed.  Under the Tucker Act, 48 U.S.C. § 1491, a plaintiff must identify a substantive right for money damages to maintain a claim before this court. The United States Court of Appeals for the Federal Circuit has held that the Due Process Clause is not money-mandating and thus is not a "sufficient basis for jurisdiction." *LeBlanc*, 50 F.3d at 1028. The Federal Circuit has also held that this court does not have jurisdiction over tort or *Bivens* claims. *U.S. Marine, Inc.*, 722 F.3d at 1363; *Brown*, 105 F.3d at 624.  In addition, to the extent Ms. Goforth's complaint is construed as seeking a review of the Supreme Court's denial of certiorari or review of the decisions reached by the Western District of North Carolina District Court or the Fourth Circuit

Court of Appeals, the court also agrees with the government that this court lacks jurisdiction to review those decisions. *See Allustiarte*, 256 F.3d at 1352.[1]

## CONCLUSION

Because this court does not have jurisdiction over Ms. Goforth's complaint, the government's June 7, 2018 Motion To Dismiss is **GRANTED**.  The Clerk of Court is directed to dismiss the April 4, 2018 Complaint for lack of jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.[2]

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge

---

[1] Ms. Goforth filed a sur-reply on January 2, 2019 (Doc. No. 17) arguing that this court has jurisdiction under 28 U.S.C. § 1254(2). 28 U.S.C. § 1254(2) states that "[c]ases in the courts of appeals *may* be reviewed by the Supreme Court by the following methods: . . . By certification at any time by a court of appeals of any question of law. . . ." (emphasis added). This argument is meritless.

[2] Ms. Goforth's motion for leave to file *in forma pauperis* filed on April 4, 2018 (Doc. No. 4) is **GRANTED** for the purposes of this motion.